**In re DYNAMARK, LTD., a California limited partnership, Debtor.**

**Bankruptcy No. 91–11920–H11.**

United States Bankruptcy Court, S.D. California.

Dec. 20, 1991.

Arnold M. Quittner, John P. Kreis, Stroock & Stroock & Lavan, Los Angeles, Cal., for debtor.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I

### INTRODUCTION

Dynamark, Ltd., the debtor and debtor-in-possession ("debtor") applied to this court for authority to employ Stroock & Stroock & Lavan ("Stroock") as reorganization counsel. Stroock disclosed in its application that it currently represented the interests of Security Pacific Business Credit, Inc. ("SPBC"), the largest secured creditor in the case, in unrelated transactions. The United States Trustee objected to the application on the basis that Stroock was not disinterested within the meaning of 11 U.S.C. § 101(13)(E) as applicable to § 327(a).

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to § 157(b)(2)(A).

### II

### FACTS

The debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 22, 1991. Stroock has provided services to the debtor, including a vigorously contested cash collateral motion, from the inception of this bankruptcy case. On November 20, 1991, the debtor filed an ex parte application seeking authorization to employ Stroock. Because the United States Trustee objected to the application, the matter was set for hearing on December 9, 1991. At the hearing, this court authorized employment of Stroock.

### III

### DISCUSSION

At issue is whether Stroock is disinterested within the meaning of 11 U.S.C. § 101(13)(E) as applicable to § 327(a).

█ A debtor-in-possession, through the rights granted under 11 U.S.C. § 1107, may employ its own attorney pursuant to § 327(a) by filing an application and obtaining the courts approval. Under § 327(a), an attorney must not hold or represent an

interest adverse to the estate and must be a disinterested person. § 101(13)(E) defines "disinterested person" as one who does not have a materially adverse interest to the estate by reason of any direct or indirect relationship to or connection with the debtor. A disinterested professional is one that can make unbiased decisions, free from personal interest, in any matter pertaining to the debtor's estate. *In re Kuykendahl Place Associates, Ltd.*, 112 B.R. 847, 850 (Bankr.S.D.Tex.1989).

■ Because SPBC is a major secured creditor of the debtor-in-possession, it is conceivable that proposed counsel could fail to focus objectively on reorganization for the benefit of all creditors. Regardless, it appears that no actual conflict or adverse interest has surfaced in this case so far which would outweigh the debtor's right to counsel of its choice. Stroock has diligently and zealously represented the debtor in its motion to use the cash collateral of SPBC. Stroock has also fervently represented the debtor in the financing stipulation entered into between the debtor and SPBC. The financing stipulation confers a tangible benefit to the estate by sustaining the value of the debtor's assets and allowing their orderly distribution. The rapid succession of events in this case are consistent with the underlying policies of bankruptcy law.

Proposed counsel for a debtor-in-possession is required to fully disclose all relationships with the debtor, creditors, or any other party in interest. Federal Rules of Bankruptcy Procedure Rule 2014(a). Stroock disclosed that it currently represented SPBC on matters unrelated to the chapter 11 case. Only after full disclosure can a court properly evaluate an application to determine whether proposed counsel is disinterested.

Only the concurrent representation of conflicting interests disqualifies an attorney from representing a debtor-in-possession. *In re McKinney Ranch Associates*, 62 B.R. 249 (Bankr.C.D.Cal.1986). In the instant case, Stroock continues to represent SPBC on matters totally unrelated to the Chapter 11 proceeding. Thus, any poten-

tial conflict that may exist is too remote to warrant disqualification on these grounds.

Two additional facts warrant consideration. First, although consent to representation by the parties is not necessarily sufficient by itself to overcome a lack of disinterestedness, this court takes judicial notice that SPBC has submitted a written waiver of any conflict that exists or may exist with regard to the representation of the debtor-in-possession. Second, if Stroock becomes aware of any actual conflict during the course of its representation of the debtor, its duty is to immediately disclose that conflict or risk denial of its fees.

In conclusion, this court finds Stroock to be disinterested within the meaning of § 101(13)(E) as applicable to § 327(a). Stroock has and can continue to adequately represent the debtor-in-possession in this case.

## IV

### CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.