**In re KITCHEN FACTORS, INC., Debtor.**

**DIGESTI & PECK, Appellant,**

v.

**KITCHEN FACTORS, INC., Appellee.**

**BAP No. NV–91–2203–PMeR.**

**Bankruptcy No. BK–N–90–1155–JHT.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 26, 1992.

Decided Aug. 11, 1992.

A. Stanyan Peck, Reno, Nev., for Digesti & Peck.

Dan Corder, Reno, for Kitchen Factors, Inc.

Before PERRIS, MEYERS and RUSSELL, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge:

A. Stanyan Peck (Peck), special counsel for the debtor in possession, appeals an award of compensation under 11 U.S.C. § 330. We affirm.

## FACTS

The debtor in possession was the plaintiff in a state court action seeking to recover approximately $12,000 from William and Barbara Worthington. Peck was appointed special counsel for the debtor in possession in that action. The order of appointment provided that Peck would be compensated "at reasonable rates as approved by the court upon future application." A few months prior to trial the defendants offered to settle the case for $6,500. The plaintiff countered with a $9,000 offer, but no settlement was reached. After a four-day jury trial, the plaintiff obtained a judgment for $8,889. Peck then submitted an

application seeking a total of $12,562 in fees and expenses.

At the hearing on Peck's fee application, the bankruptcy judge noted the absurdity of incurring $12,000 in fees in an attempt to collect a $12,000 debt, and stated that the case should have been settled. The judge was not impressed with Peck's explanation that by the time the $6,000 settlement offer was received, the attorney fees exceeded that amount. The judge concluded that an appropriate award would be half of the amount recovered, which resulted in allowed fees and costs of $4,446.

## ISSUES

(1) Whether the bankruptcy judge used the correct legal standard in determining an appropriate fee.

(2) Whether the amount awarded was appropriate.

## STANDARD OF REVIEW

■ The legal standard applied by a court in setting compensation involves construction of § 330 and is reviewed *de novo. See In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985). The amount of compensation awarded is reviewed for abuse of discretion. *Id.*

## DISCUSSION

■ Peck contends that the court erred as a matter of law in failing to use the lodestar approach, and abused its discretion by setting the fee as a percentage of the amount recovered. In support of the proposition that the lodestar is the exclusive method for calculating an appropriate fee, Peck cites a bankruptcy court decision from the District of New York, *Matter of Cena's Fine Furniture, Inc.,* 109 B.R. 575, 581 (E.D.N.Y.1990). However, in the Ninth Circuit, while the lodestar method may be the primary approach used by courts in determining a reasonable attorney fee, it is not the exclusive method. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 924 F.2d 955, 960 (9th Cir.1991). The court may employ alternative approaches where appropriate. *Id.* at 961. For example, it may be proper to abandon the lodestar method where the court cannot realistically quantify to nu-

merical precision the lodestar calculation. *Id.* at 960. The lodestar method may also be inappropriate where the fee application does not provide an adequate basis for the lodestar calculation. *Id.*

■ In this case, the detail of time spent by counsel is not helpful because it is grossly disproportionate to the amounts at stake. The most relevant factor in determining the appropriate fee in this matter is not the time actually spent by counsel on the matter, but instead is the small amount which could be recovered for the estate. Because of the substantial risk that litigation costs would quickly consume any likely benefit to the estate, the trial court did not abuse its discretion in focusing on the amount at stake. As stated in *Puget Sound Plywood,*

> [Appointed counsel] had an obligation to consider the potential for recovery and balance the effort required against the results that might be achieved. Absent unusual circumstances, an attorney must scale his or her fee at least to the reasonably expected recovery.

*Id.* at 961.

■ Peck argues that the potential recovery was greater than $12,000 because under Nevada law the trial judge had the discretion to award attorney fees. However, an attorney must scale his or her efforts to the "reasonably expected recovery," not the potential optimum recovery. *See Id.* There is nothing in the record to suggest that an award of fees was anything more than a possibility. There was no statutory right to fees. The fact that an award of fees was within the universe of possibilities does not justify the amount of fees charged in this case.

We are aware of the dilemma presented where a debtor demands full vindication, which counsel perceives as requiring extensive preparation and a trial. Nevertheless, counsel must be aware that his client is the estate, not the debtor. As explained in *In re Scoggins,* 142 B.R. 940, 946–47 (Bankr. D.Or.1992),

> It must be remembered that the trustee is not like a private client. If an attorney's private client wishes to pursue litigation which may not be cost-effective

(but is ethically and legally permissible) he is only wasting his own money. The trustee is a fiduciary. If he pursues such litigation, he is spending the estate's money, money which should inure to the benefit of creditors.

█ If the trustee [or debtor in possession] insists on pursuing collection efforts in a manner which is not cost-effective, then counsel should seek to withdraw or, at least, recommend that the client secure a second legal opinion. *Id.* In the instant case, Peck did neither, choosing instead to litigate the matter full-bore.

Given the fact that the maximum probable recovery for the estate did not exceed $12,000, Peck should have scaled back his services so that some appreciable benefit to the estate was likely if the estate prevailed. Since Peck failed to do so before the fact, the bankruptcy judge was correct in doing so after the fact by limiting the allowable fees to 50% of the recovery.

Peck, citing *In re Yermakov*, 718 F.2d 1465 (9th Cir.1983), argues that the record is inadequate to support the fee reduction. *Yermakov*'s holding is that a reduction in fees cannot be upheld unless the record shows that the bankruptcy court acted on the basis of appropriate factors. *Id.* at 1471. In *Yermakov*, the panel found the lodestar approach appropriate, and therefore remanded for further findings on the number of hours which were excessive or unnecessary, and the appropriate hourly rate. In the instant case, the court correctly did not use the lodestar and therefore the appropriate factors are different from those involved in *Yermakov*.

The case of *Puget Sound Plywood* is more instructive under the facts of this case. In *Puget Sound Plywood*, the attorney for the Creditor's Committee sought compensation for services under § 330. Most of the work related to an objection to attorney fees claimed by a secured creditor. The bankruptcy judge, without going into specifics, found that the time actually spent by counsel was excessive, particularly in view of the final benefit to the estate. Without further elaboration, the judge stated that rather than making an award on an hourly basis, he would base the award on

one-third of the amount by which the creditor's attorney's fees were reduced. The Ninth Circuit affirmed both the bankruptcy judge's rejection of the lodestar approach and his alternative approach of using a percentage of the benefit to the estate, noting the applicant's failure to scale his fee to the reasonably expected recovery. *Id.* at 961.

Here, too, the applicant failed to scale its services to the reasonably expected recovery. As a result, the court acted according to law and within its discretion in fixing compensation at 50% of the amount recovered for the estate.

### CONCLUSION

Where, as here, the amount of attorney fees incurred exceeded the probable recovery for the estate, the court did not err in setting fees based upon a percentage of the recovery. The court satisfactorily articulated the basis for its decision, and did not err in setting the fees using a percentage of the recovery rather than the lodestar approach.