**In re SIDCO, INC., Debtor.**

**Mark ST. ANGELO, Acting United States Trustee for Region 17, Appellant,**

**v.**

**SIDCO, INC., Appellee.**

**No. CV–F–94–5041–REC.**

United States District Court, E.D. California.

Aug. 10, 1994.

■■■■

Charles L. Lazaro, Visalia, CA, Riley C. Walter, McCormick Barstow Sheppard Wayte and Carruth, Fresno, CA, for debtor.

Carol Diane Mills, U.S. Trustee Office, Atty. Advisor, Fresno, CA.

## OPINION

COYLE, Chief Judge.

On July 19, 1994, this Court heard oral argument for appellant United States Trustee's ("UST") appeal from Bankruptcy Judge Dorian's authorization, pursuant to 11 U.S.C. § 327, of Charles Lazaro ("Lazaro") as bankruptcy counsel to debtor-in-possession SIDCO in its Chapter 11 bankruptcy. Upon consideration of the written and oral arguments, the Bankruptcy Court is affirmed for the following reasons.

## I. *BACKGROUND*

On October 18, 1993, SIDCO filed a petition seeking reorganization under Chapter 11 of the Bankruptcy Code. Control of SIDCO (the business) was transferred to SIDCO (the debtor-in-possession), rather than to a Chapter 11 trustee. On November 18, 1993, debtor-in-possession filed an ex parte application for approval of employment of Charles Lazaro, accompanied by Lazaro's declaration.

Lazaro admitted in paragraph 6 of his affidavit that he had previously represented Arnold Kaplan ("Kaplan"), the owner of 90% of SIDCO's outstanding shares, in a variety of matters. These matters included Kaplan's sale of the other 10% stock to Donald Glaze, and the drafting of various documents relating to certain businesses owned by Kaplan. Kaplan is also an unsecured creditor, Secretary, guarantor and co-debtor of SIDCO.

However, Lazaro and Kaplan's attorney-client relationship unequivocally ended before Lazaro's section 327 application to be SIDCO's bankruptcy counsel. In fact, Kaplan and his wife waived "any conflicts of interest or confidentiality that may exist or arise as a result of his [Lazaro's] representation of SIDCO, Inc. as an entity in bankruptcy proceedings." Moreover, the Kaplans "agree that the attorney shall represent the interests of SIDCO, Inc. as an entity without regard to their individual interests or claims and will not act as their individual attorney in regard to the bankruptcy matter, even though this may mean that he will have to act adversely to their claims or interests regarding SIDCO."

Yet, the UST contested Lazaro's application because Kaplan's $15,000 withdrawal from SIDCO may be recoverable, and SIDCO's earlier loan payments to Kaplan may be preferential and recoverable as well. The UST contended that Lazaro is unable to uphold a purported fiduciary duty to SIDCO's creditors due to his prior representation of a principal shareholder. The UST also demanded that notice be given to all creditors so they could object to Lazaro's representation.

Judge Dorian nonetheless authorized Lazaro without notice to the creditors and without a hearing. He found the notion of a duty by debtor-in-possession's counsel to the debtor-in-possession's creditors to be "flight into the absurd" because the creditors' interests may be adverse to SIDCO's interests. He also reasoned that SIDCO, not its counsel, exercised ultimate decision-making power. Judge Dorian further opined that *"any* attorney representing the debtor-in-possession will be, in effect, carrying out the wishes of Mr. Kaplan, who, as a 90% owner of the debtor, will decide what duties the attorney for the debtor-in-possession will perform." Appellant's Record at 57 (emphasis added). Whether that attorney is Lazaro or another makes no difference. Judge Dorian observed that the UST's interest in protecting other creditor interests against Kaplan's control would be better served by seeking the appointment of a Chapter 11 trustee to oust SIDCO from possession.

The UST now raises two issues in appealing Judge Dorian's decision:

1. Whether, when an application for authority to employ counsel reveals that a debtor in possession's proposed counsel has previous represented a creditor, Section 327(c) of Title 11, United States Code, mandates

notice of the application be given to all creditors in order to give them an opportunity to object?

2. Whether, under the factual circumstances of this case, an actual conflict exists?

## II. *DISCUSSION*

■ Legal issues decided by a bankruptcy court are reviewed de novo, while factual findings are reviewed under the clearly erroneous standard. *In re Siriani*, 967 F.2d 302 (9th Cir.1992). The first issue before this Court is a legal question; the second is a mixed question of law and fact.

### A. *Issue One*

■ The less important question is whether 11 U.S.C. § 327 mandates notice to all creditors to give them opportunity to object to an application of attorney employment. Section 327(c) reads as follows:

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, *unless there is objection by another creditor* or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c). Petitioner UST argues that section 327 impliedly requires notice because it entertains objections by other creditors. Presumably, creditors should receive notice to exercise their right to object.

However, petitioner's reasoning defies the rest of the bankruptcy code. For example, 11 U.S.C. § 502(a) provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest ... objects." However, the preceding section 501 only requires filing of a proof of claim, without requiring notice to potential objectors. Moreover, chapter 11 has explicitly provided for notice and/or hearing when required. *See* 11 U.S.C. §§ 363(b)(1), 363(c)(2)(B), 364(b), 364(c), 364(d)(1).

Petitioner's request that this Court legislate the requirement for notice and hearing for every application for employment of counsel is supported by neither statute, case law, or policy. If anything, the debtor's expense in serving all creditors and the creditors' expense in hiring attorneys to review the application and litigate the issue seems wasteful. The bankruptcy court's discretion in evaluating the propriety of debtor counsel, with the help of the UST, is sufficient to safeguard against conflicts.

### B. *Issue Two*

■ The more important issue is whether Judge Dorian clearly abused his discretion by approving Lazaro in view of the present law and the given circumstances. Petitioner employs two unpersuasive lines of reasoning to reach an affirmative answer. First, the UST argues that the debtor-in-possession's counsel has an equal fiduciary duty to the estate, including *all* the creditors and shareholders. Lazaro thus cannot serve as counsel because he might favor Kaplan, his former client. Second, the UST contends that case precedent would preclude Lazaro's representation. Neither of these reasonings supports petitioner's contention that Lazaro is not a "disinterested person" or "holds or represent[s] an interest adverse to the estate," as provided in 11 U.S.C. § 327(a).

■ The authorities cited by appellant to create a fiduciary duty of counsel to the estate is very weak. These non-binding cases speak of the attorney's fiduciary duty to the estate in unusual contexts, and not as a general principle. *See In re J & J Record Distributing Corp.*, 84 B.R. 364 (E.D.Pa. 1988) (Debtor-in-possession's attorney had a duty to the estate to invest the estate funds in an interest-bearing account, rather than let them lay idle); *In re Kitchen Factors, Inc.*, 143 B.R. 560 (9th Cir. BAP 1992) (Debtor-in-possession's attorney had a duty to the estate not to incur disproportionate legal costs which are paid by the estate). These cases do not overthrow Judge Dorian's basic tenet that attorneys for debtors-in-possession have a fiduciary duty to their client, the debtor-in-possession, not to the creditors and shareholders whose interests may be adverse to the debtor. In fact, 11 U.S.C. § 327 guards against concurrent representation of both the creditor and a debtor-in-possession.

■ Furthermore, it is the debtor-in-possession who ultimately manages the credi-

tors' and shareholders' interests, while the attorney only advises the debtor. The debtor-in-possession, not the attorney, acts as the trustee to the estate.

Even assuming that the attorney has a fiduciary duty to the creditors and shareholders, there is no evidence that Lazaro could not uphold that duty. *Lazaro does not represent the Kaplans anymore. In fact, the Kaplans have formally waived any duty arising from the former relationship.* The assertion that Lazaro's former representation of the Kaplans encumbers his would-be duty to other creditors and shareholders requires some explanation why Lazaro would favor the Kaplans. There is no such reason—professional or otherwise. There is no evidence to suggest that Lazaro's loyalty to the Kaplans has reached personal dimensions against which a formal waiver cannot safeguard.

This same analysis destroys the UST's second line of reasoning to disqualify Lazaro. The UST cites several cases that disqualified counsel because they *concurrently* represented actually or potentially conflicting interests, e.g., both the debtor-in-possession and a creditor. *See In re Dynamark, Ltd.,* 137 B.R. 380 (Bankr.S.D.Cal.1991); *In re American Printers and Lithographers,* 148 B.R. 862 (Bankr.N.D.Ill.1992); *In re Hathaway Ranch Partnership,* 116 B.R. 208 (Bankr. C.D.Cal.1990); *In re Kendavis Industries International, Inc.,* 91 B.R. 742, 754 (Bankr. N.D.Tex.1988). However, none of these cases apply here because Lazaro no longer represents the Kaplans.

Only one case involved disqualification based on a *former* representation. However, that objection was brought by the *former* client who feared that the attorney might use confidential information against him in representing the new client. *See Chugach Electric Ass'n v. United States,* 370 F.2d 441 (9th Cir.1966), *cert. denied,* 389 U.S. 820, 88 S.Ct. 40, 19 L.Ed.2d 71 (1967). This case is inapplicable because the Kaplans expressly waive Lazaro's remaining duties arising from their prior relationship. Lazaro is free to represent SIDCO zealously against anyone.

The bottom line is that there is no case which, in view of a waiver, disqualified a debtor-in-possession's counsel due to a *for-*

*mer* representation. Given section 327's allowance of (riskier) concurrent representation of a debtor and creditor in appropriate circumstances, Judge Dorian far from abused his discretion in approving Lazaro's representation of SIDCO.

### C. *Issue Three*

▇ Although not formally stating a third issue, appellant impliedly challenges the adequacy of Lazaro's disclosure pursuant to Fed. R.Bankr.P. 2014(a) in his affidavit accompanying the employment application. That issue was not seriously raised below and should not be considered here, especially when the record on that point was not fully developed. *In re Cleanmaster Indus., Inc.,* 106 B.R. 628 (9th Cir. BAP 1989). Moreover, petitioner fails to demonstrate Judge Dorian's ignorance of any connection between Lazaro and Kaplan which could have produced a different result. On the contrary, the UST plainly pointed out those connections to him.

The judgment below is AFFIRMED.