In re CIC INVESTMENT
CORPORATION,
Debtor.

FIRST INTERSTATE BANK OF
NEVADA, N.A., Appellant,

v.

CIC INVESTMENT CORPORATION,
Appellee.

BAP No. NV–94–2212–MeRAs.
Bankruptcy No. 94–30584.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Oct. 16, 1995.

Decided Jan. 24, 1996.

Bridget Robb Peck, Reno, NV, Bruce T. Beesley, Reno, NV, for appellant.

Alan R. Smith, Reno, NV, for appellee.

Before: MEYERS, RUSSELL and ASHLAND, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

After the debtor in possession's counsel had submitted its interim application for compensation, the Panel reversed the order authorizing counsel's employment. The Appellant now asks the Panel to reverse the order awarding compensation on the grounds that counsel was never properly employed, notice was inadequate and the description of services rendered was insufficient.

We **REMAND**.

### II

#### FACTS

By order entered on June 17, 1994 ("Employment Order"), the bankruptcy court denied the motion filed by First Interstate Bank of Nevada, N.A. ("Bank") to disallow the continued employment of Smith & Cope as counsel for the Chapter 11 debtor. The Appellant appealed from the Employment Order on June 27, 1994.

On August 26, 1994, Smith & Cope filed a First Interim Application by Attorneys for Debtor to Approve Compensation, seeking $26,829 in fees and $560.45 for reimbursement of costs. The Bank opposed the application. At the hearing on the fee application, Smith & Cope presented a Supplement to First Interim Application by Attorneys For Debtor To Approve Compensation, seeking an additional $15,651 in fees and $1,174.04 in costs. The bankruptcy court awarded the entire amount requested, comprised of fees of $42,480 and costs of $1,734.49, by order entered on September 23, 1994 ("Compensation Order").

On September 30, 1994, the Bank filed a Notice of Appeal and Motion for Leave to Appeal the Compensation Order. On December 6, 1994, the Panel issued an Opinion which reversed the Employment Order, determining that as a secured creditor Smith & Cope was not disinterested. On December 15, 1994, the Panel granted the Bank leave to appeal the Compensation Order.

### III

#### STANDARD OF REVIEW

Compensation awards to professionals are made under the criteria set forth in Bankruptcy Code Section 330(a) and generally are reviewed for an abuse of discretion. *In re Dutta*, 175 B.R. 41, 43 (9th Cir. BAP 1994). However, the legal standard used by a bankruptcy court in establishing compensation involves statutory interpretation and therefore is reviewed *de novo*. *Id.*

### IV

#### DISCUSSION

A. *Whether Smith & Cope Is Foreclosed from Receiving Any Compensation*

The Bank maintains that because the Panel previously reversed the Employment Order on the basis that Smith & Cope was not disinterested, Smith & Cope is not

entitled to any compensation from the bankruptcy estate. In support of this argument, the Bank cites to the Panel's recent opinion, *In re Weibel, Inc.,* 176 B.R. 209, 212 (9th Cir. BAP 1994). In that case, the bankruptcy court had determined that the attorney for the debtor in possession was not disinterested and denied the attorney's application for employment. The trial court issued an order denying the attorney's request for compensation, which the Panel affirmed. We specifically held: "If the bankruptcy court finds the professional is not disinterested, the professional cannot receive compensation from the estate." *Id.* at 213. The Panel rejected the appellant's argument that it deserved compensation on a *quantum meruit* basis, stating: "Compensation to professionals acting on behalf of the estate must be based on provisions of the Code. The Code does not provide for fee awards based on state law theories such as *quantum meruit.*" *Id.* at 212.

*Weibel* is quite relevant, but distinguishable. In *Weibel* the law firm never received court approval to represent the debtor in possession. Accordingly, the firm was not justified in believing it would be compensated for its services. In contrast, in the instant case Smith & Cope's application for employment was approved by the bankruptcy court. In reversing the Employment Order, we acknowledged that "[t]he courts do not agree on whether counsel with a prepetition claim against the debtor is absolutely barred from representing the trustee or debtor in possession as general counsel." *In re CIC Inv. Corp.,* 175 B.R. 52, 55 (9th Cir. BAP 1994). Until that decision was filed, Smith & Cope was justified in believing its employment to be valid under the law. Indeed, even though we later held that the Employment Order should not have been issued, the fact that there was such a court order at the time compensation was awarded could support the award.

The Bank also cites to *In re Occidental Financial Group, Inc.,* 40 F.3d 1059 (9th Cir.1994). The Court of Appeals stated that in general the equitable remedy of *quantum meruit* is not available where the fees are barred by law under the bankruptcy rules. *Id.* at 1063. The court then held that the attorney could not claim an exception to that rule, if there were one, because of his unclean hands—his nondisclosure of material and substantial conflicts of interest. *Id. Occidental Financial Group,* like *Weibel,* is distinguishable for the reason that the professional had never gotten his employment approved. In addition, the attorney had failed to disclose facts indicating he had a conflict of interest in the case.

In a Ninth Circuit Court of Appeals case decided under the Bankruptcy Act, *In re Haldeman Pipe & Supply Company,* 417 F.2d 1302 (9th Cir.1969), the court reversed an order denying all compensation for the attorney's failure to disclose material conflicts. The Court of Appeals held that the bankruptcy referee erroneously assumed he was required to deny compensation, when in actuality it was within his discretion to decide whether the nondisclosure foreclosed compensation. *Id.* at 1305. The *Haldeman Pipe & Supply* case is instructive since the Bankruptcy Code, like the Act, uses the discretionary term "may" in stating that compensation may be denied to a professional with an interest adverse to the estate.[1]

Another case allowing compensation to a professional who was not disinterested is *In re Federated Dept. Stores, Inc.,* 44 F.3d 1310 (6th Cir.1995). In *Federated,* like the case at hand, the bankruptcy court determined that the professional (Lehman Brothers) was not disinterested, but authorized employment on equitable grounds. The order authorizing employment was appealed. A year later, in a different case, the Sixth Circuit Court of Appeals held that a professional, who is not disinterested, could not be employed by the estate, notwithstanding the equities in the case. *In re Middleton Arms, Ltd. Partner-*

---

1. Section 328(c) of the Code provides in pertinent part: "Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person. . . ."

*ship,* 934 F.2d 723 (6th Cir.1991).[2] The court in *Federated* applied *Middleton Arms* retroactively and reversed the order approving employment of Lehman Brothers. 44 F.3d at 1319.

The circuit court then considered whether Lehman Brothers could be awarded compensation. The court stated that its authority to award fees was circumscribed by Section 330(a), which provides that the court may award reasonable fees and expenses to a professional employed under Section 327. It determined that Lehman Brothers' appointment was invalid because the firm was not a disinterested person from the very outset and thus was never employed under Section 327(a). *Id.* at 1320. The court held that a valid appointment under Section 327(a) is a condition precedent to the decision to grant or deny compensation under Section 330(a) or 328(c). *Id.*

However, the court allowed compensation to Lehman Brothers on equitable grounds. The court recognized that until *Middleton Arms* was decided, there was no definitive appellate court decision concerning whether a professional could represent the debtor despite its failure to be disinterested. *Id.* The court held that under "these peculiar and unique circumstances, which are not likely to be repeated again in light of the now settled law in this circuit, we are of the view that fairness and equity dictate allowing Lehman Brothers to be compensated at its agreed rate up to" the date the Circuit Court issued its decision in *Middleton Arms. Id.*

We follow the *Federated* holding and rule that Smith & Cope is not precluded from receiving compensation for any services rendered or expenses paid on or before December 6, 1994, the date we issued the decision reversing the Employment Order. *Federated* is virtually identical to the case at hand. The Bank tries to distinguish *Federated* on the basis that it concerned a final fee award, while the award to Smith & Cope was made on an interim basis only. We do not find this distinction meaningful.

While the *Federated* decision was based on the equities of the case, our holding centers on statutory analysis. We believe that Smith & Cope was employed under Section 327. On September 23, 1994, the date the Compensation Order was entered, Smith & Cope was employed under Section 327 pursuant to the bankruptcy court's Employment Order. Therefore, the firm may be compensated for the services rendered while it was employed by the estate. It fully disclosed its connections with the debtor and provided services in reliance upon the bankruptcy court's Employment Order. Once that order was reversed, Smith & Cope was no longer employed by the estate and could not receive further compensation.

As further support for the proposition that compensation may be awarded to a professional who is not disinterested, two circuit courts have interpreted the language of Section 328(c) to *permit* a court to deny compensation to professionals found not to be disinterested, but not to *require* a denial of fees in those instances. *In re Prince,* 40 F.3d 356, 359 (11th Cir.1994); *Rome v. Braunstein,* 19 F.3d 54, 60 (1st Cir.1994). Although the court in *Prince* ultimately denied all compensation, the decision was based on the "egregious facts" of the case indicating that the attorney's conflicts of interest clearly prejudiced the estate. 40 F.3d at 360. In *Prince* and *Rome v. Braunstein,* unlike the instant case, counsel did not disclose its conflicts of interest until after its application for employment had been approved. In a case such as this, where a professional's employment was approved by the bankruptcy court after full disclosure of all potential conflicts, we hold that subsequent denial of compensation for the professional's failure to be disinterested is within the court's discretion.

 "A disinterested professional is one that can make unbiased decisions, free from personal interest, in any matter pertaining to the debtor's estate." *In re Dynamark, Ltd.,* 137 B.R. 380, 381 (S.Cal.1991). The purpose of the rule that counsel be disinterested is to

---

**2.** In *CIC Inv. Corp., supra,* 175 B.R. at 56, we cited the *Middleton Arms* circuit court decision favorably, stating our agreement with the principle that "[b]ankruptcy courts cannot use eq-

uitable principles to disregard unambiguous statutory language" barring employment of professionals who are not disinterested.

assure undivided loyalty to the debtor. *In re Lee*, 94 B.R. 172, 178 (Bankr.1988). This appeal will be remanded because the court refused to consider whether Smith & Cope's lack of disinterest impaired its representation of the estate. At the hearing on the application for compensation, the bankruptcy court would not allow any argument that Smith & Cope's lack of disinterest adversely impacted the legal services it provided. The Bank maintains that the debtor's plan of reorganization drafted by Smith & Cope gave special treatment to Smith & Cope's prepetition secured claim. The bankruptcy court should have considered this assertion in deciding whether Smith & Cope was entitled to compensation. A professional whose advice to the debtor is adulterated with self-dealing or some other byproduct of the professional's lack of disinterest should not be rewarded with compensation from the estate. A professional certainly is not entitled to fees incurred in furtherance of a conflict of interest. The bankruptcy court should determine whether Smith & Cope's failure to be disinterested negatively interfered with its efforts in representing the debtor in possession.

**B.** *Whether the Supplement to the Fee Request Was Properly Noticed*

██ The Bank also maintains that the Compensation Order should be reversed for improper notice, since the request for supplemental fees and expenses in excess of $16,000 was not made until the day of the hearing. Section 330(a)(1) allows an award of reasonable compensation for actual, necessary services and expenses to a professional "[a]fter notice to any parties in interest and to the United States trustee and a hearing." Fed. R.Bankr.P. 2002(a)(7) requires twenty days notice of "hearings on all applications for compensation or reimbursement of expenses

totalling in excess of $500." On remand, the Bank and all other interested parties should be given notice and an opportunity to respond to the request for supplemental compensation.

**C.** *Whether the Application Is Sufficiently Descriptive*

The Bank further contends that Smith & Cope's application for compensation does not adequately describe the services rendered and time expended, as required under Section 330(a) and Fed.R.Bankr.P. 2016(a).[3] The Bank alleges that the time entries are improperly "lumped" together, rather than separated into individual entries; that the descriptions of time spent on services are vague and incomplete; and that Smith & Cope did not sufficiently summarize the work it performed or the results achieved.

██ As the fact finder, the bankruptcy court must evaluate the sufficiency of the evidence provided by the professional in support of the application for compensation. *Roderick Timber, supra*, 185 B.R. at 606. In every case, a court should award fees only to the level proven to be actual, necessary and reasonable. *Id.* Upon reviewing the fee applications, we do not believe the court erred in its implicit determination that Smith & Cope's application was sufficiently descriptive.[4] There are some difficulties with "lumping" and several of the time entries are not entirely specific. The application does not summarize the results achieved in the case. This is not a model fee application. Yet it is for the most part sufficiently descriptive of the services rendered and the expenses incurred. Under the abuse of discretion standard of review, we do not believe reversal on these grounds is appropriate.

---

**3.** We apply Section 330(a) before it was amended under the Bankruptcy Reform Act of 1994, since this case was filed prior to the effective date of the Reform Act. *In re Roderick Timber Co.*, 185 B.R. 601, 605 n. 3 (9th Cir. BAP 1995).

**4.** The Appellant contends that Smith & Cope's Supplemental Excerpts of Record on Appeal should be disallowed. These excerpts contain, among other documents, the only copies the Panel has of the application for compensation. We

will not consider an appellant's argument if the record is incomplete. *In re Anderson*, 69 B.R. 105, 109 (9th Cir. BAP 1986). Obviously, we cannot review the Appellant's contention that the application was inadequate without examining it. Thus, it is in the Appellant's best interest for us to determine that the application for compensation be included in the record, and we do so. Because our ruling does not depend upon the other items in the Supplemental Excerpts of Record on Appeal, we need not rule on the request to disallow them.

## V

## CONCLUSION

We have issued several decisions recently concerning employment or compensation of bankruptcy professionals. In the first *CIC Investment* case, the Panel held that as a matter of law counsel that is not disinterested cannot represent a debtor in possession. Then in *Weibel*, we held that as a matter of law counsel whose application for employment had been denied by the bankruptcy court cannot receive compensation from the bankruptcy estate under a *quantum meruit* theory. Finally, this case involves a law firm that, despite not being disinterested, was employed by order of the bankruptcy court after full disclosure of its dealings with the debtor. The Panel holds that the bankruptcy court may, in its discretion, award compensation for services rendered up to the date the Employment Order was reversed. However, the court must determine whether counsel's lack of disinterest impaired its representation of the estate such that compensation should be reduced or denied.

Because Smith & Cope was employed under a bankruptcy court order at the time it performed services on behalf of the estate, it may receive compensation from the bankruptcy estate. Although some time entries were lumped together, we believe the trial court was within its discretion in implicitly determining that the fee application contained sufficient information. We remand the Compensation Order for the bankruptcy court to determine whether Smith & Cope's failure to be disinterested adversely affected its services as counsel to the debtor in possession.