**In re BBQ RESOURCES, INC., Debtor.**

**Bankruptcy No. 99–70103.**

United States Bankruptcy Court,
E.D. Kentucky,
Pikeville Division.

Aug. 13, 1999.

W. Thomas Bunch, Lexington, KY, pro se.

Gregory D. Pavey, Lexington, KY, for J.T. Miller and Shelia Holmes Stacy.

Tracey N. Wise, Lexington, KY, for the Debtor–in–Possession.

Daniel F. Dotson, Whitesburg, KY, for Earl V. Pilkenton.

William B. Owsley, Lexington, KY, for the Victor Fears Trust.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter came on for hearing before this Court on counsel's Motion to Reconsider Disqualification and/or to Alter or Amend Disqualification Order, and on Application for Attorney's Fee Allowance and the objections thereto. Objections were filed by the Victor Fears Trust and by the United States Trustee. A hearing on the Motion to Reconsider was heard on June 3, 1999. The Court having heard oral arguments and being fully briefed, the matter is now ripe for decision.

The Debtor filed its petition in bankruptcy under Chapter 11 February 5, 1999, and filed an Application to Employ Counsel, W. Thomas Bunch, on the same date. On February 18, 1999, the Court entered an Order approving the Application to Employ Mr. Bunch as Counsel for the Debtor. The same day the U.S. Trustee filed an Objection to the Application. Thereafter, the U.S. Trustee filed a Motion to Reconsider the Order approving the Application to Employ. On April 20, 1999, a hearing on Mr. Bunch's Application was held. Objections by the U.S. Trustee and Daniel Dotson, counsel for interested party Earl V. Pilkenton, were heard. The Court sustained the motion of the U.S. Trustee and denied the application to employ Mr. Bunch because it found that conflicts of interest existed. On April 23, 1999, Mr. Bunch filed an Application for Allowance of Attorney's Fees. Counsel seeks compensation in the amount of $41,439.72 for his services and expenses from February 5 through April 20, 1999. Nothing new has been raised in the present motion or at hearing of the matter regarding reconsideration of the Court's order overruling the motion of the debtor to be allowed to retain Mr. Bunch as counsel so that ruling will stand. The present opinion will address the matter of the requested attorney's fees.

■ The compensation of professionals is governed by 11 U.S.C. § 330. Compensation under § 330 for counsel for the debtor-in-possession for representation in the bankruptcy case is predicated on meeting the requirements of 11 U.S.C. § 327(a), that is, that the attorney be disinterested and not hold or represent an interest adverse to the estate.

■ The issue before the Court is whether an attorney who does not have a valid appointment under U.S.C. § 327(a) may receive compensation from the estate and whether the Court has any discretion in such a determination.

The Sixth Circuit has reviewed the law concerning the employment and compensation of professionals in several cases including *In re Middleton Arms Ltd. Partnership*, 934 F.2d 723 (6th Cir.1991), *In re Eagle–Picher Industries, Inc.*, 999 F.2d 969 (6th Cir.1993), and *In re Federated Department Stores, Inc.*, 44 F.3d 1310 (6th Cir.1995).

In *In re Middleton Arms Ltd. Partnership* the court held that it may not authorize the debtor-in-possession to employ a real estate manager who was an insider because such employment violates the disinterestedness requirement of § 327(a). Judge Kennedy, writing for the court, went on to say that Section 327(a) prevents

the court from approving the employment of a person who is not disinterested, even if the person does not have an interest that is adverse. Id. at 724. In quoting from the court's opinion in *In re C–L Cartage Co., Inc.*, 899 F.2d 1490 (6th Cir.1990), at 1494, Judge Kennedy stated that bankruptcy courts cannot use equitable principles when the statutory language is unambiguous. The court further held that the provisions of § 1107(b) did not eliminate the problem in this case because the disqualification of the real estate manager did not stem from his prior employment by the Debtor.

In *In re Eagle–Picher Industries, Inc.*, the district court had affirmed the bankruptcy court order allowing debtor to employ an investment banking firm. The U.S. Trustee appealed. The circuit court ruled that the bankruptcy court had erred in concluding that the firm was a disinterested party within the meaning of the Bankruptcy Code because the firm was an investment banker for outstanding securities of the debtor. Section 1107(b) carves out a narrow exception meant to apply only when the sole reason for disqualification is former employment.

In the matter of *In re Federated Department Stores*, the court considered consolidated appeals concerning a request for compensation by Lehman Brothers for services rendered to the debtor, Federated. The bankruptcy court had approved Lehman Brothers' appointment as financial advisor to the debtor over the objection of the United States Trustee, who had argued that Lehman Brothers was not a "disinterested person" as required under § 327. While the appointment was on appeal from bankruptcy court to district court, Lehman Brothers continued to serve as debtor's financial advisor. After the debtor's plan was confirmed and Lehman Brothers was no longer rendering services, Lehman Brothers filed a final application for fees and expenses which was approved by the bankruptcy court. The United States Trustee appealed the award of fees on grounds that Lehman Brothers should never have been retained and was not entitled to compensation. The district court, having not yet ruled on the propriety of Lehman Brothers' retention, held that the United States Trustee's appeal of the retention order was moot. The district court also held that the bankruptcy court did not abuse its discretion in awarding fees to Lehman Brothers despite the fact that it was an "interested person" within the meaning of § 327. The circuit court reversed the bankruptcy court's decision approving appointment of Lehman Brothers as financial advisor and the order granting compensation. The matter was remanded to the district court with instructions to disallow compensation for all services rendered after June 6, 1991. The court concluded that the United States Trustee's objection to Lehman Brothers' appointment as financial advisor was a valid objection and should have been sustained. The lower courts' approval of the retention order based on "equitable considerations" and Lehman Brothers' "familiarity with the debtor's business operations" was "inappropriate," according to the court. The court held that "a valid appointment under § 327(a) is a condition precedent to the decision to grant or deny compensation under § 330(a) or § 328(c)." Id. at 1320. Despite this ruling the court allowed compensation for work performed up to June 6, 1991, the date of the holding in *Middleton Arms*. The *Federated* court allowed compensation on narrow grounds in what the court termed "peculiar and unique circumstances which are not likely to be repeated...in light of the now settled law in this circuit." Id. at 1320.

In counsel's motion to allow attorney fees, he correctly points out that there are differing views between the circuits on the issue of whether the bankruptcy court has discretion in awarding attorney fees. In his response to the U.S. Trustee's objections, he cites a bankruptcy court opinion from Montana, *In re Love*, 163 B.R. 164 (Bkrtcy.D.Mont.1993) and an opinion from

North Carolina, *In re Watson Seafood & Poultry Co.*, 40 B.R. 436 (Bkrtcy.E.D.N.C. 1984) to support a "discretionary exercise" of equity by the bankruptcy court.

While Mr. Bunch does not dispute in his brief that *Federated* is controlling in this circuit, he does attempt to distinguish the facts in that case from those at hand. In doing so he argues that the bankruptcy court may exercise discretion in the award of attorneys fees where the potential for a conflict of interest exists. In making this argument Mr. Bunch relies heavily on an analysis of the Ninth Circuit Bankruptcy Appellate Panel opinion *In re CIC Investment Corporation*, 192 B.R. 549 (9th Cir. BAP 1996). The court in *CIC* awarded attorneys fees despite finding that the attorney for the debtor-in-possession was not disinterested. The court held that counsel was employed under § 327 despite a finding of interestedness and therefore could be compensated for services rendered while employed by the estate. In this regard, *CIC* directly conflicts with binding precedent in the 6th Circuit.

In *Middleton Arms*, the 6th Circuit held that the bankruptcy court's equitable powers do not provide an exception to the literal language in § 327(a). The language prohibits the employment of professionals who are not disinterested. The court in *Federated*, citing its earlier opinion in *Eagle–Picher*, stated that the professional seeking to be hired "can have neither an 'adverse interest' nor be an 'interested person.'" *Federated* at 1319.

■ Mr. Bunch's brief as well as his oral argument espoused the position that he should be awarded attorney fees for the period of time between the initial order approving his employment until the motion to reconsider the order approving his employment was sustained. Mr. Bunch maintains that he was properly employed for the period between February 18, 1999, and April 20, 1999, at which time Mr. Bunch's application to be employed was denied. Mr. Bunch argues that he should not be denied "all compensation when a conflict is later determined to in fact exist" when he is proceeding in good faith. He argues that such a denial is harsh and would not be equitable. The problem is that a conflict of interest existed from the beginning of his representation so it is not necessary for the Court to decide the whether compensation would be allowed if a conflict developed later in the case. The Court agrees that the result is harsh but the rule is meant to dissuade counsel from becoming involved in the representation of debtors where there are substantial questions apparent at the outset concerning conflicts of interest in that representation. Simply put, the attorney takes the risk that the court will finally determine that a conflict exists and deny the employment of the attorney by the debtor and, consequently, deny any compensation for services already provided. In the present case, it was apparent at the inception of the case that very substantial conflict of interest questions existed in representing the debtor under the particular arrangements Mr. Bunch made. The conflicts of interest existed *ab initio*. The court, in *Federated*, concluded that "Congress sought to disqualify professionals with the appearance of a conflict of interest as well as those who have an actual conflict of interest." At page 1319.

■ Despite an outcome that may appear harsh, the bankruptcy court has no discretion in awarding compensation under § 330(a) to a professional whose employment does not meet the requirements of § 327(a). Therefore the Application for Compensation should be denied as should the Motion to Reconsider Disqualification and/or to Alter or Amend Disqualification Order.

An order in conformity with this opinion will be entered separately.