**In re Steven George IWASA and Susan Janette Iwasa, Debtors.**

No. 02–01795.

United States Bankruptcy Court, D. Idaho.

Jan. 26, 2007.

David L. Posey, Payette, ID, Attorney for Debtors Steven George Iwasa and Susan Janette Iwasa.

Jed W. Manwaring, Boise, ID, Attorney for Trustee Lois Murphy.

Janine P. Reynard, Boise, ID, Attorney for United States Trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

### Introduction

David Lee Posey ("Posey"), counsel for debtors Steven George Iwasa and Susan Janette Iwasa ("Debtors"), filed an Application for Approval of Compensation. Docket No. 151. The chapter 7 trustee, Lois K. Murphy ("Trustee") filed an objec-tion to the application. Docket No. 158. Also before the Court is the Debtors' Application for Approval of Compensation for Accountant filed on behalf of accountant Herb Points ("Points"). Docket No. 154. Trustee objected to this application as well. Docket No. 159.

On November 28, 2006, the Court conducted a hearing concerning both applications. It thereafter allowed counsel to file supplemental briefing, and on December 8, 2006, the matter was deemed under advisement. The Court has considered the submissions of the parties, the arguments of counsel, as well as the applicable law, and now issues the following decision which disposes of both applications and constitutes the Courts' findings of fact and conclusions of law. Fed. R. Bankr.P. 7052; 9014.[1]

### Procedural History

On June 5, 2002, Debtors filed a voluntary chapter 13 petition. Docket No. 1. On June 20, 2002, Debtors sought, by motion, to convert the case to one under chapter 11 of the Code. Docket No. 7. The motion was granted on July 24, 2002. Docket No. 17. That same day, Debtors filed a Petition for Appointment of Attorney, Docket No. 18, to which the United States Trustee objected. Docket No. 30. Thereafter, on September 6, 2002, Debtors filed an Application for Appointment of Attorney, Docket No. 31.[2] On September 11, 2002, Debtors filed an Application for Appointment of Accountant, Docket No. 34, which was granted without objection on October 15, 2002. Docket No. 40. On October 16,

---

1. All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 108–9, 119 Stat. 23 (Apr. 20, 2005), because Debtors' bankruptcy case was commenced on June 5, 2002, prior to BAPCPA's effective date of October 17, 2005.

2. The Court presumes this Application was intended to amend the "Petition" seeking the same relief, Docket No. 18, in order to address the various objections made by the U.S. Trustee.

2002, the order granting the application to employ Posey as Debtors' attorney was entered. Docket No. 41. After their proposed chapter 11 plan was not confirmed, Debtors filed a motion to dismiss the case, Docket No. 75. Creditors Frank Slaven, Eugene G. Carroll, and Ronald E. Carroll filed a motion to convert the case to a chapter 7. Docket No. 76. Debtors' motion to dismiss was denied on October 1, 2003, Docket No. 78, and creditors' motion to convert was granted on October 7, 2003. Docket No. 79. Debtors subsequently received a chapter 7 discharge, which was entered on December 6, 2004. Docket No. 92.

On September 22, 2006, after three adversary proceedings involving Debtors had been commenced and resolved, and numerous claims had been challenged and disallowed, Debtors' application for Approval of Compensation, Docket No. 151, and the Application for Approval of Compensation for Accountant, Docket No. 154, were filed.

### Analysis and Disposition

#### I. Attorney Fees

Pursuant to his application, Posey seeks approval of a total of $19,870 in fees and $291 in costs. The fees he seeks span the period from just prior to the petition filing date, until the present. However, it must be kept in mind that the bankruptcy case was converted from a chapter 13, to a chapter 11, and finally came to rest in chapter 7. This is significant, as the subject of a debtor's attorney fees is treated differently under the different chapters. Posey was employed during the pendency of the chapter 11 case, but performed the bulk of his services while the case was in chapter 7. However, he also performed services for Debtors while the case was in chapter 13. Therefore, the Court must address the fees sought under each chapter independently.

#### A. Chapter 13 Attorney Fees

In a chapter 13 case, the Court may allow "reasonable compensation to the debtor's attorney for representing the interests of a debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services and other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B); *Law Offices of David A. Boone v. Derham–Burk (In re Eliapo)*, 468 F.3d 592, 596–97 (9th Cir.2006). This Court has held that:

a reasonable amount of compensation should reflect, among other things, the time spent by counsel rendering services; the rates charged; and whether the services were necessary to the administration of the bankruptcy case. 11 U.S.C. § 330(a)(3). In Chapter 13 cases, the Court should in addition consider "the benefit and necessity of such services to the debtor . . . ." 11 U.S.C. § 330(a)(4)(B).

*In re Dunnagan*, 02.1 I.B.C.R. 47, 47–48 (Bankr.D.Idaho 2002).

In reviewing the fee application submitted by Posey, the Court concludes that the fees he seeks for services rendered while the case was pending under chapter 13 should be approved. The services detailed in Posey's affidavit were all necessary in the administration of the case. Furthermore, the time spent and rates charged are all reasonable given the nature and complexity of the case. Finally, the services benefitted Debtors.

Accordingly, the Court will award all fees sought while the case was in chapter 13, which span from June 3, 2002, until the case was converted on July 24, 2002. The fees requested are for 7.1 hours of work, totaling $1,065.

#### B. Chapter 7 Attorney Fees

A chapter 7 debtor is free to employ an attorney to assist him or her, and

does not need court approval prior to retaining counsel. However, it is when the debtor seeks to have his counsel paid by the bankruptcy estate that court approval becomes necessary.[3]

■ The Bankruptcy Code provides no general right to recover attorney's fees incurred during the course of bankruptcy. *High Country Bed & Breakfast, Inc. v. Amresco Independence Funding, Inc. and Mack Constr., Inc. (In re High Country Bed & Breakfast, Inc.),* 02.2 I.B.C.R. 89, 89 (Bankr.D.Idaho 2002); *Jenkins v. Sroufe (In re Sroufe),* 01.1 I.B.C.R. 38 (Bankr.D.Idaho 2001). Rather, professionals who assist in bankruptcy cases must rely upon a statutory source of authority in order to have their fees paid by the estate.

■ Compensation of professional persons from bankruptcy estate funds is addressed under § 330. Section 330(a)(1) provides that "the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 . . . reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Hence, in order to be eligible to receive compensation under § 330, court approval of employment under §§ 327 or 1103 is a necessary prerequisite. Section 1103 is a chapter 11 provision which concerns professional persons employed by committees, and does not apply to the chapter 7 debtor. Section 327 concerns professional persons employed by the trustee, and does not apply to debtors' counsel unless employed by the trustee and approved by the court. *Lamie v. United States Trustee,* 540 U.S.

526, 536–37, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

There is nothing before the Court to indicate that the trustee sought to employ Debtors' counsel after Debtors' case was converted to chapter 7. While Posey's employment was approved by the Court so that he could represent Debtors during the pendency of the chapter 11 case, such approval does not simply carry over after conversion to chapter 7.

Posey directs the Court to no authority authorizing a debtor's attorney to recover compensation from the estate for any work completed after the conversion to chapter 7 on October 7, 2003. Accordingly, the request for payment of fees and costs from the estate for services provided by Posey after that date must be denied.

### C. Chapter 11 Attorney Fees

■ The Court has an independent duty to carefully review all applications for awards of professional compensation and expenses to be paid in a Chapter 11 case in § 330, even in the absence of objections. *In re Dale's Crane,* 99.1 I.B.C.R. 8, 8 (Bankr.D.Idaho 1999) (citing *In re Auto Parts Club,* 211 B.R. 29, 33 (9th Cir. BAP1997); *In re Schwandt,* 95 I.B.C.R. 268, 269 (Bankr.D.Idaho 1995)). The professional bears the burden of proving entitlement to the requested fees, as well as the reasonableness of the amount of such fees. *In re Dale's Crane,* 99.1 I.B.C.R. at 8. (citations omitted).

■ As noted above, Debtors filed their initial Petition for Appointment of Attorney on July 24, 2002. On September 4, 2002, the United States Trustee objected

---

**3.** Had Debtors' Counsel sought to have his fees paid by the opponent within an adversary proceeding, the analysis would have been somewhat different. A prevailing party in a bankruptcy adversary proceeding may be entitled to recover attorney's fees in accordance with state law, in actions where state law controls disposition of the substantive issues raised in the proceeding, and when such an award is allowable under state statute or contract. *Thomason Farms, Inc. v. Tri–River Chemical Co. (In re Thomason Farms, Inc.),* 02.2 I.B.C.R. 107, 108 (Bankr.D.Idaho 2002).

to the petition on technical grounds, and two days later on September 6, 2002, Debtors filed their Application for Appointment of Attorney, which was granted on October 16, 2002. The Local Rule provides that "[a]ny order of approval of employment entered by the court will relate back to the date of service of the application." LBR 2014.1(c). As Debtors initially sought approval of Posey's appointment on July 24, 2002, the Court will consider fees requested by Posey for work done between that date and October 7, 2003, the date the bankruptcy case converted to chapter 7.

 Section 330(a)(1) "authorizes 'reasonable compensation for actual, necessary services rendered' by a professional." *Ferrette & Slater v. United States Trustee (In re Garcia)*, 335 B.R. 717, 724 (9th Cir.BAP2005). This includes reimbursement for actual, necessary expenses as well. *Id.* at 723. When determining whether the services were actual and necessary, "a professional need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered." *Id.* at 724.

The Code provides:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the

compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). In addition to the above factors, "the court shall not allow compensation for-(i) unnecessary duplication of services; or (ii) services that were not-(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4).

In reviewing Posey's fee application, the Court has considered all of the relevant factors for awarding fees and expenses discussed above, including those specifically set forth in the Code. Except as otherwise noted below, the Court finds the proposed rate for compensation of $150 per hour to be reasonable, considering the nature and complexity of the case, as well as the rates generally charged by attorneys locally. Furthermore, the Court concludes the services provided by Posey were necessary and beneficial in prosecuting Debtors' case. In addition, the Court did not detect any unnecessary duplication of services nor services which were not reasonably likely to benefit the debtor's estate, or which were not necessary to the administration of the case. Finally, the Court notes that while it has an independent duty to review fee applications, neither the United States Trustee nor the chapter 7 trustee had any objection to the rates, services provided or expenses incurred prior to conversion.

The only concern the Court has about Posey's billing itemization is that in three separate instances, it appears he performed, and billed for, work that would normally be performed by a secretary or paraprofessional. The Court points to the following entries:

08/08/02 Prepare and mail Application for Appointment of Attorney to 20

largest creditors and do Certificate of Mailing

1.00 hour

09/18/02 Prepare mailing list of 20 largest creditors

.50 hours

07/14/03 Prepare and mail documents concerning Plan and Approved Disclosure Statement to all creditors and prepare certificate of Mailing

2.00 hours

Affidavit of Attorney Fees and Costs at 3–5, Docket No. 153.

While it was appropriate for Posey to personally prepare the Application on August 8, 2002, mailing and generating a certificate of mailing is not properly billed at the attorney's full rate. This conclusion affects the September 18, 2002 entry, as well as a portion of the July 14, 2003 entry. Unfortunately, it is unclear how much time was spent on the document preparation, and how much on the actual mailing and generating the certificate of mailing.

Under Rule 2016(a), a "detailed statement" of services rendered is required. *See First Interstate Bank of Nevada, N.A. v. CIC Inv. Corp. (In re CIC Inv. Corp.)*, 192 B.R. 549, 554 (9th Cir. BAP1996), (citing *Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 605 (9th Cir. BAP 1995)). In addition, this court "should award fees only to the level proven to be actual, necessary and reasonable." *Id.; See also In re Voechting*, 03.4 I.B.C.R. 237, 238 (Bankr.D.Idaho 2003) (concluding the itemization of services rendered were insufficient, requiring the Court to speculate as to the services actu-

ally performed resulting in an across-the-board reduction in fees.); *In re Jordan*, 00.1 I.B.C.R. 46, 48 (Bankr.D.Idaho 2000) (disallowing fees for "unacceptably terse descriptions.").

As the Court is unable to discern how much time Posey spent in those three instances rendering services which are properly billed at his full rate of $150 per hour, the Court will disallow these billings as submitted, and instead allow them at the acceptable rate of a paraprofessional, which is $60 per hour.

Taking into account the Court's disallowance of fees after the conversion to chapter 7, and the reduction of fees for the paraprofessional work described above, the Court computes Posey's fee award as follows:

| | |
|---|---|
| $20,370.00 | (135.8 hours at $150 per hour sought in the fee application) |
| 500.00 | (prebankruptcy payment received) |
| –12,045.00 | (80.3 hours post-conversion work) |
| –315.00 | (3.5 hours billed at $60 per hour, rather than $150 per hour) |
| = $ 7,510.00 | Total fee award |

Accordingly, the Court approves $7,510 in attorney fees for Posey's services. This reflects $6,445 in the chapter 11 case and $1,065 in the chapter 13 case.

## II. Accountant Fees

As noted above, Debtors filed their application to employ accountant Points on September 11, 2002, which application was granted on October 15, 2002.

### A. Chapter 11 Accountant Fees[4]

From Points' itemization of services, it appears that only three entries were made prior to conversion of Debtors' case to chapter 7. The Court finds that all

4. Local Rule 2014.1 applies to accountants as well as attorneys as evidenced by the fact that it references Fed. R. Bankr.P.2014(a), which specifically treats accountants and attorneys alike as "professional persons." Accordingly, Points' chapter 11 fee analysis begins at the application date, September 11, 2002, and ends at the conversion date, October 7, 2003. In addition, the Court employs the same analysis for determining the reasonableness of account's fees as it does not that of attorneys.

chapter 11 services appear to be proper, given the nature, extent, and value of such accounting services. The time spent, rates charged, and services provided appear to reasonable and appropriate, given the complexity, importance, and nature of the case. Points' rate of $110 per hour is reasonable based upon the Court's knowledge of local rates charged by comparable practitioners.

Therefore, all fees incurred by Points during the pendency of the chapter 11 case are properly compensable, and thus Points will be awarded the full $484 claimed for such work.

### B. Chapter 7 Accountant Fees

As attorneys and accountants are both considered "professional persons" under the Code, the analysis employed for attorneys is likewise utilized when examining an application for accountant's fees under chapter 7 versus 11. Accordingly, Points is not entitled to any fees incurred after October 7, 2003, the chapter 7 conversion date.

Nevertheless, there are two points which merit further discussion. First, at the hearing on the applications, the U.S. Trustee conceded that the August 8, 2006 entry, in which Points "[o]btain[ed] federal TIN for Chapter 11 estate" likely benefitted the estate. However, without legal authority for the Court to award fees for post-conversion work absent proper employment by the trustee, including approval by the Court, there is simply no basis for the Court to consider individual line items.

Second, during the hearing, Posey contended that Points had to file personal tax returns, including extensions, on behalf of Debtors for the 2003 and 2004 tax years essentially because the chapter 7 trustee's accountant declined to do so. Posey followed up his comments with an Affidavit, Docket No. 169, in which he states that he communicated, via email, with trustee's at-torney, Jed Manwaring. During those electronic conversations, Manwaring apparently indicated that he believed it was Debtors' responsibility to have the tax returns prepared for the Chapter 11 estate. Accordingly, Points was instructed to prepare the returns.

At the hearing, Trustee indicated that she had employed her own accountant, Mr. Harris, to assist in this case. The Court has previously reviewed and approved Trustee's accountant's fees. Docket Nos. 160, 166. Interestingly, the Court notes that in Mr. Harris' itemization, the following entry was made:

3/24/2006 IWASA—Complete federal and state tax returns for estates of Steven and Susan and related documentation required by trustee for 2003, 2004 and 2005 (6 tax returns, total)

5.80 hours

The timing of Posey's conversation with Manwaring does not coincide with the itemization filed by either accountant. Posey recalls that the email communications were sent in April 2006, and that pursuant to that conversation, Manwaring informed Posey that in his opinion, Debtors were obligated to prepare and file their own tax returns. Posey Aff. at ¶ 2, Docket No. 169. However, Harris' indicated he had prepared those returns on March 24, 2006. Even more curiously, Points itemizes his work in preparing the 2003 tax returns as having been done on April 14, 2004, and October 11–21, 2004, nearly two years prior to Harris' tax preparation work, and the Posey/Manwaring email exchange.

Because the Court has concluded that it has no legal basis upon which to award Points accounting fees after the conversion to chapter 7, it need not resolve this inconsistency. However, in the future, bankruptcy professionals, and particularly trustees, should be scrupulously mindful of the

details included in fee applications, and should strive to reconcile any inconsistencies before submission to the Court.

### III. Expenses

Posey seeks a total of $291 in costs for five trips he made to Boise for hearings and status conferences concerning Debtors' case. His cost bill reflects a charge of $58.20 per trip. However, each of these trips occurred post-conversion. Therefore the Court denies Posey's application for these costs.

### *Conclusion*

Because there is no authority for the Court to award professional fees after this case was converted from chapter 11 to chapter 7, the Court denies both Posey's and Points' applications for fees for services provided after the October 7, 2003, conversion date.

The Court awards Posey compensation in the amount of $1,065 for services he provided to Debtors during the chapter 13 case, and $6,445 for services he provided during the pendency of the chapter 11 case. This amount reflects deductions for all services provided after conversion of the case to chapter 7, and 3.5 hours which involved paraprofessional work billed at Posey's full rate.

The Court denies Posey's request for reimbursement of costs because the costs were incurred after the case had converted to chapter 7, and thus they are not properly paid by the estate.

The Court awards Points' compensation in the amount of $484, which is the full amount requested for all services he provided prior to conversion.

All compensation shall be payable by Trustee as provided in § 726(b). A separate order will be entered.